**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REVEAL TECHNOLOGY, INC.,

Plaintiff,

v.

FARSIGHTVISION OÜ and
FARSIGHTVISION LLC,

Defendants

OCT 16 2026 PM2:25
FILED - USDC - FLMD - TPA

Civil Action No. 8:26-cv-3152-VMC-AEP

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Reveal Technology, Inc. ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendants FarsightVision OÜ and FarsightVision LLC (together, "Defendants"), and alleges as follows:

## I. Nature Of The Action

1. Plaintiff is a defense technology company based in the United States. Since at least as early as April 26, 2019, Plaintiff has continuously developed, marketed, and sold software under its proprietary FARSIGHT trademark (Plaintiff's "FARSIGHT Mark"). Among other things, Plaintiff's FARSIGHT software converts surveillance video captured by unmanned aircraft systems, aircraft, sensor towers, drones, and wearable sensors into two- and three-dimensional models and orthophoto maps, delivering actionable intelligence to users including tactical military and public-safety personnel, including in

GPS-denied and network-constrained environments.

2. Plaintiff owns United States Trademark Registration No. 7965165 for the standard character FARSIGHT Mark in International Class 9, covering "Computer-controlled apparatus for testing and measuring distance, shape, and mass of physical structures, environments, humans, vehicles, and other detected objects; Coordinate measuring instruments; Coordinate measuring machines; Distance measuring apparatus; Downloadable augmented reality software for use in mobile devices for integrating electronic data with real world environments for the purpose of locating physical structures, creating maps, and providing real time analytical insights; Downloadable augmented reality software for integrating electronic data with real world environments for the purpose of providing real time 2D and 3D modeling of physical structures, environments, humans, and vehicles; Downloadable computer application software for creating image files for use in virtual environments; Downloadable computer application software for handheld computers, namely, software for collection and processing of data from video streams taken from small unmanned aircraft systems, aircraft, sensor towers, drones, or wearable sensors, constructing 2D maps and 3D models of imaged locations, and providing real time 2D and 3D modeling of physical structures, environments, humans, and vehicles; Downloadable computer software for collection and processing of data from video streams taken from small unmanned aircraft systems, aircraft, sensor towers, drones, or wearable sensors, constructing 2D maps and 3D models of imaged locations, and providing real time 2D and 3D modeling of physical structures, environments, humans, and vehicles; Downloadable computer software using artificial intelligence (AI) for collection and processing of data from video streams taken from small unmanned aircraft systems, aircraft, sensor towers, drones, or wearable sensors, constructing 2D maps and 3D models of imaged locations, and providing real time 2D and 3D modeling of physical structures, environments, humans, and vehicles; Scientific instrumentation for measuring distance, shape, and mass of physical structures, environments, humans, and vehicles" (Plaintiff's "Registration").

3. Defendants FarsightVision OÜ and FarsightVision LLC are affiliated Estonian and Ukrainian companies that market and offer, among other things, software performing the same or substantially similar functions as Plaintiff's FARSIGHT software, to the same customers, through the same channels of trade, under the confusingly similar mark FARSIGHT VISION (the "FARSIGHT VISION Mark"). Like Plaintiff, Defendants advertise the FARSIGHT VISION Mark in connection with software that, among other things, converts surveillance video captured by unmanned aircraft systems, aircraft, sensor towers, drones, and wearable sensors into two- and three-dimensional models and orthophoto maps, delivering actionable intelligence to users such as tactical military and public-safety personnel, including in GPS-denied and network-constrained environments.

4. Defendants filed United States Trademark Serial No. 99759402 for the composite FARSIGHT VISION Mark in International Class 9, covering "3D spectacles; 3D scanners; devices for digital terrain and object modeling; accelerometers; data processing apparatus; devices for processing video streams from unmanned aerial vehicles and creating 2D and 3D maps; Global Positioning System [GPS] apparatus; optical devices and instruments for photogrammetric mapping and terrain analysis; equipment for monitoring physical structures, environments and objects using unmanned systems; downloadable video files; virtual reality headsets for visualizing 3D terrain and object models in an immersive environment; rangefinders for measuring distances in terrain mapping; detectors; downloadable virtual reality applications for interactive work with 3D terrain models; couplers; equipment for transmitting geospatial data between devices; measuring instruments; navigational instruments; recorded or downloadable datasets containing geospatial information, including 2D and 3D maps; transmitters of electronic signals; distance measuring apparatus; devices for monitoring and analyzing physical objects and environments; satellite navigational apparatus; video recorders; computer peripheral devices for controlling unmanned aerial vehicles and processing geospatial data; remote controls; scanners for data processing; downloadable image files with geospatial data, maps,

and terrain models; computer hardware, computer software applications, downloadable, computer software platforms, recorded or downloadable, computer programs, downloadable, computer programs, recorded, computer software, recorded – all designed for processing video streams from unmanned aerial vehicles and sensor systems, building 2D and 3D maps, and providing real-time analytical data" (Defendants' "Application").

5. Defendants have not confined their marketing and promotion of the FARSIGHT VISION Mark to Europe. From May 18 through May 22, 2026, Defendants exhibited under the FARSIGHT VISION Mark at SOF Week 2026 at the Tampa Convention Center in Tampa, Florida, from Booth 5404 in the event's "Accelerator Alley," and competed as a finalist in that event's Accelerator Alley Pitch Competition. SOF Week is the annual conference of U.S. Special Operations Command ("USSOCOM") and is among the most important United States gatherings of the very customers Plaintiff serves. Defendants advertised that appearance to a United States audience before and after the event, attempted to solicit United States-based customers, appeared at Axon Week 2026 in Nashville, Tennessee as a guest of their United States lead investor, solicited United States defense and security partners in California, on April 12, 2026 applied to register FARSIGHT VISION and FSV with the United States Patent and Trademark Office ("USPTO"), and from October 12-14, 2026, actively solicited business under the FARSIGHT VISION Mark at the Association of the United States Army ("AUSA") Annual Meeting & Exposition in Washington, D.C.

6. The confusion that Defendants' conduct was likely to cause has already occurred in the United States, among Plaintiff's clients. For example, in late 2025, a representative of United States Marine Corps Forces Special Operations Command ("MARSOC") asked a Plaintiff employee about a change to Plaintiff's website and its layout, and commented on changes to Plaintiff's user interface seen on LinkedIn. Plaintiff had made no such changes. The website, the interface, and the messaging the customer was describing were Defendants'.

7. Plaintiff put Defendants on written notice of its rights by letters dated May 20, 2026 and May 22, 2026. Defendants did not withdraw the FARSIGHT VISION Mark, did not surrender the farsightvision.com domain name, and did not withdraw their United States trademark applications. Instead, they continued to promote their FARSIGHT VISION-branded offerings.

8. Plaintiff brings this action for federal trademark infringement, federal unfair competition and false designation of origin, and cybersquatting. Plaintiff seeks a permanent injunction, an order directing the USPTO to refuse registration of Defendants' FARSIGHT VISION Application, transfer of the farsightvision.com domain name, Plaintiff's actual damages, Defendants' profits, treble damages, and an award of its attorney's fees and costs on the ground that this is an exceptional case.

## II. The Parties

9. Plaintiff Reveal Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a business address at 2425 Technology Blvd. W., Suite 2130, Bozeman, Montana 59718.

10. Defendant FarsightVision OÜ ("FSV Estonia") is a private limited company organized and existing under the laws of the Republic of Estonia, with a registered address at Telliskivi tn 60a/5, Põhja-Tallinna linnaosa, Tallinn, Harju maakond 10412, Estonia. FSV Estonia is the applicant of record for the FARSIGHT VISION Application and the registrant of record of the domain name farsightvision.com. FSV Estonia may be served pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), or by such alternative means as this Court may authorize under Fed. R. Civ. P. 4(f)(3).

11. Defendant FarsightVision LLC ("FSV Ukraine") is a limited liability company organized and existing under the laws of Ukraine, EDRPOU code 45562705, with a registered address at vul.

Generala V. Kurmanovycha 9, Lviv 79040, Ukraine. FSV Ukraine may be served pursuant to Fed. R. Civ. P. 4(f) and the Hague Service Convention, or by such alternative means as this Court may authorize under Fed. R. Civ. P. 4(f)(3).

12. On information and belief, Defendants are under common ownership and control; share common founders, officers, personnel, branding, product line, marketing, website, and customers; and operate a single integrated business under the FARSIGHT VISION name. The basis for this belief includes that both entities are publicly held out as one company called "Farsight Vision"; that the same two individuals, Viktoriia Yaremchuk and Volodymyr Nepiuk, are publicly identified as co-founders of that single business; that both entities market the same FARSIGHT VISION-branded platform and product; and that both entities are promoted through the single website at farsightvision.com and the single LinkedIn page operated under the FARSIGHT VISION Mark.

13. On information and belief, in engaging in the conduct alleged in this Complaint, each Defendant acted as the agent, alter ego, partner, and joint venturer of the other, with the knowledge, authorization, ratification, and consent of the other, and for the benefit of both. Defendants are jointly and severally liable for that conduct.

## III. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

14. This Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121, because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq.

15. This Court has authority to determine the right to the Application's registration under 15 U.S.C. § 1119.

**B. Personal Jurisdiction Over FSV Estonia**

16. This Court has personal jurisdiction over FSV Estonia because FSV Estonia purposefully directed its activities within and to the State of Florida, and within this District, and Plaintiff's claims arise out of and relate to those activities.

17. From on or about May 18, 2026 through on or about May 22, 2026, FSV Estonia physically exhibited at SOF Week 2026 at the Tampa Convention Center. It occupied Booth 5404 in the Accelerator Alley area of the exhibition floor. It displayed the FARSIGHT VISION Mark on a booth banner, on a booth tablecloth, on printed marketing collateral made available to attendees, and on monitors displaying the utility of its software. It staffed that booth with personnel who solicited and discussed business with attendees and potential clients, including with United States military and defense-industry attendees.

18. During that same event, FSV Estonia competed as a selected finalist in the SOF Week 2026 Accelerator Alley Pitch Competition, and presented its FARSIGHT VISION-branded products and capabilities from the stage to a jury and to an audience of attendees and potential clients.

19. FSV Estonia advertised that Florida appearance in advance and afterward to a United States audience on its LinkedIn page, stating that it "will be attending SOF Week 2026 in Tampa, Florida," identifying "Booth 5404, Accelerator Alley," and stating that it would showcase its latest products. After the event, it published a further post stating that it "took part in the Accelerator Alley Pitch Competition and was selected as a finalist" and that it was "proud to present [its] solutions from the stage."

20. FSV Estonia thereby operated, conducted, engaged in, and carried on a business or business venture in Florida within the meaning of Fla. Stat. § 48.193(1)(a)(1), and caused injury to Reveal

within Florida, within the meaning of Fla. Stat. § 48.193(1)(a)(6)(a), by using a mark confusingly similar to Reveal's registered FARSIGHT Mark to advertise and offer goods and services in Florida while engaged in solicitation and service activities within the state.

21. The exercise of jurisdiction comports with due process. FSV Estonia purposefully availed itself of the privilege of conducting activities within Florida by traveling to this District, renting exhibition space, branding that space with the infringing FARSIGHT VISION Mark, soliciting United States customers from that space, competing in a pitch competition at that event to secure United States customers, and on information and belief, actually securing and doing business with United States customers. Plaintiff's claims arise directly out of that conduct. Florida and the United States have a manifest interest in adjudicating a trademark dispute arising from an infringing display made at a USSOCOM conference to United States customers, and the exercise of jurisdiction is reasonable.

22. In addition and in the alternative, this Court has personal jurisdiction over FSV Estonia under Fed. R. Civ. P. 4(k)(2). Plaintiff's claims arise under federal law; FSV Estonia is not subject to jurisdiction in the courts of general jurisdiction of any single State; and the exercise of jurisdiction based on FSV Estonia's aggregate contacts with the United States as a whole—including the conduct alleged herein—is consistent with the United States Constitution and laws.

**C. Personal Jurisdiction Over FSV Ukraine**

23. This Court has personal jurisdiction over FSV Ukraine on the same bases described in Section III(B) above. On information and belief, FSV Ukraine and FSV Estonia operate as a single integrated business under common control, and the conduct within Florida and the United States alleged in this Complaint was undertaken by, for the benefit of, and with the authorization and ratification of both Defendants. On information and belief, personnel of FSV Ukraine participated in the SOF Week 2026

exhibition and pitch competition described above.

24. In addition and in the alternative, this Court has personal jurisdiction over FSV Ukraine under Fed. R. Civ. P. 4(k)(2) on the basis of its aggregate contacts with the United States as a whole, and under Fla. Stat. § 48.193(1)(a)(1) and (6)(a) through the acts of its agent and alter ego FSV Estonia.

### D. Venue and Division

25. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendants' display, advertising, and offering of goods and services under the infringing FARSIGHT VISION Mark in Tampa, Florida.

26. Venue is also independently proper under 28 U.S.C. § 1391(c)(3), as neither foreign Defendant resides in the United States, and may therefore be sued in any judicial district.

## IV. Factual Background

### A. Plaintiff and Its FARSIGHT Software

27. Plaintiff is a next-generation defense technology company that delivers, among other things, a suite of artificial-intelligence products generating critical intelligence, autonomy, and decision dominance for users such as tactical military and public-safety personnel.

28. Plaintiff's flagship product is FARSIGHT, a software solution that provides users with actionable intelligence in GPS-denied, network-constrained, and tactical cloud environments. FARSIGHT processes surveillance video into two- and three-dimensional models in moments, giving users in-application measurement, analytic, and autonomy tools, and the ability to import and export

map tiles and data layers to command and control platforms—including to ATAK.

29. Plaintiff has marketed and sold its products under the FARSIGHT brand continuously since at least as early as April 26, 2019.

30. Plaintiff's customers include components and units of the United States Department of Defense, including MARSOC, as well as other United States Government, allied government, and public-safety users.

31. Plaintiff markets FARSIGHT through, among other channels, its website at revealtech.ai, direct engagement with United States Government customers and program offices, social media, and United States defense trade conferences and exhibitions—including SOF Week.

**B. Plaintiff's Trademark Rights**

32. On November 20, 2024, Plaintiff applied to register the standard character mark FARSIGHT in International Class 9 (Serial No. 98862849). The USPTO issued United States Registration No. 7965165 on the Principal Register on September 30, 2025. The Registration recites first use and first use in commerce of April 26, 2019. A true and correct copy of USPTO records pertaining to the Registration, including the registration certificate, is attached as ***Exhibit A***.

33. The Registration is valid, subsisting, and in full force and effect, and constitutes prima facie evidence of the validity of the Registration, of Plaintiff's ownership of the Registration, and of Plaintiff's exclusive right to use the FARSIGHT Mark in commerce on the goods specified in the registration. 15 U.S.C. §§ 1057(b), 1115(a).

34. Plaintiff also owns International Registration No. 1832001 for FARSIGHT, registered November 21, 2024 and based on Plaintiff's United States application, which designates and is protected in the European Union, Estonia, Ukraine, and the United Kingdom. True and correct copies

of the corresponding registry records are attached as ***Exhibit B***.

35. Plaintiff has invested substantial resources in developing, advertising, and promoting the FARSIGHT Mark, and has developed substantial goodwill in it among United States Government and allied military and public-safety purchasers.

**C. Defendants' Adoption of the FARSIGHT VISION Mark**

36. Defendants were founded in November 2023, more than four years after Plaintiff first used the FARSIGHT mark in commerce. A true and correct screenshot taken from Defendants' website on October 6, 2026 is attached as ***Exhibit C***.

37. Defendants market software that, by their own description, converts drone imagery and video into real-time two-dimensional orthophotos and three-dimensional digital twins of terrain, with object detection and change detection, for reconnaissance, mission planning, and tactical decision-making, and that operates in GNSS-denied environments and integrates with command and control platforms—including to ATAK.

38. Those are the same functions, described in materially the same terms, for materially the same purposes, as Plaintiff's FARSIGHT product.

39. Defendants adopted and use the designation FARSIGHT VISION for that software. The dominant element of that designation is the word FARSIGHT, which is identical to Plaintiff's registered mark. The appended word "VISION" is a weak term in the field of computer-vision and imaging software, and does not distinguish Defendants' designation from Plaintiff's FARSIGHT Mark in sound, appearance, connotation, or commercial impression.

40. Defendants also use the abbreviation FSV and the product names FSV Platform, FSV Mapper, and FSV App, each of which derives from and is used together with the FARSIGHT VISION

designation.

41. On information and belief, when Defendants adopted the FARSIGHT VISION designation, they knew of Plaintiff and of Plaintiff's well-known FARSIGHT product.

**D. Defendants' Use of FARSIGHT VISION in United States Commerce**

42. Defendants have used and are using the FARSIGHT VISION Mark in commerce in the United States, in connection with the offering, advertising, and promotion of goods and services in the fields of defense and public-safety technology, including, without limitation, software for processing surveillance data and generating mapping and intelligence products.

43. In 2025, Defendants' co-founders Viktoriia Yaremchuk and Volodymyr Nepiuk traveled to California and publicly solicited United States defense and security industry contacts on behalf of Defendants. Defendants also published on their LinkedIn page that their co-founders "are currently in California and are eager to connect with professionals in the defense and security industry to discuss ideas, explore collaborations, and join efforts," and invited potential customers in the area to contact them. True and correct copies of Defendants' own publications depicting and describing, among other things, these activities, and Defendants' other activities in the United States are attached as ***Exhibit D***.

44. On information and belief, Defendants' co-founder and Chief Technology Officer, Volodymyr Nepiuk, resides in and works from Spokane, Washington, in the United States. The basis for this belief includes that Mr. Nepiuk is publicly listed on the F6S company profile for Farsight Vision as "CTO and Co-founder at Farsight Vision" with a location of "Spokane, United States." Exhibit D.

45. SOF Week is co-hosted by USSOCOM and Global SOF and is attended by United States military personnel, United States Government acquisition officials, defense primes, and defense-technology purchasers. From May 18 through May 22, 2026, Defendants exhibited at SOF Week 2026

at the Tampa Convention Center in Tampa, Florida, under the FARSIGHT VISION Mark, from Booth 5404 in the Accelerator Alley area of the exhibition floor. Exhibit D.

46. During SOF Week 2026, Defendants displayed the FARSIGHT VISION Mark and logo on a booth banner, on a booth tablecloth, and on printed collateral made available to attendees; displayed their software's output on monitors at the booth; and staffed the booth with personnel who solicited business from attendees. Exhibit D.

47. At that same event, Defendants competed as a selected finalist and presented their FARSIGHT VISION-branded solutions from the stage. In their own words, Defendants "took part in the Accelerator Alley Pitch Competition and was selected as a finalist," and were "proud to present our solutions from the stage to the jury and engage in discussions on how AI-enabled technologies can enhance situational awareness and support operational decision-making in complex environments." Exhibit D.

48. Before the event, Defendants published to their LinkedIn audience a promotional graphic bearing the FARSIGHT VISION Mark, together with an invitation to meet Defendants at that booth. Exhibit D. After the event, Defendants published a further post describing their participation. *Id.* Both posts were directed to and received by a United States audience.

49. Defendants also participated in Axon Week 2026, an event hosted by their United States lead investor Axon Enterprise, Inc. in Nashville, Tennessee. Defendants publicly stated that they were "proud to be part of the event and to be introduced by Rick Smith, alongside leaders shaping the future of public safety." Exhibit D. Defendants' FARSIGHT VISION Mark was displayed on the event's main stage screen. *Id.*

50. In February 2026, Defendants closed a €7.2 million seed financing round led by Axon Enterprise, Inc., a United States public company. Defendants publicized that round in the United States and quoted Axon's founder and chief executive officer in their own press release. Exhibit D.

51. From October 12-14, 2026, Defendants actively solicited business under the FARSIGHT VISION Mark at the AUSA Annual Meeting & Exposition in Washington, D.C. Exhibit D.

52. Defendants operate the website at farsightvision.com, which they registered through Amazon Registrar, Inc., a United States domain name registrar, on January 14, 2024. A true and correct screenshot taken from the whois.com domain registrar database on October 6, 2026 is attached as ***Exhibit E***.

53. Defendants use the farsightvision.com domain name to host a commercial website that offers, advertises, and promotes software competitive with Plaintiff's FARSIGHT software, to solicit inbound sales inquiries including from United States visitors, and to host a customer authentication portal.

54. Defendants' website prominently displays the FARSIGHT VISION Mark, is served in the English language to users in the United States, imposes no geographic restriction on access, hosts a customer login portal, and solicits inbound business through a "Request a demo" form and a "Contact Sales" function that accept submissions from United States visitors. Defendants also operate a LinkedIn page under the FARSIGHT VISION Mark through which they publish marketing content to a United States audience.

55. Defendants' published Terms and Conditions, current as of March 19, 2026, contain no geographic limitation excluding the United States and no disclaimer of availability in the United States. A true and correct copy of Defendants' website Term and Conditions, downloaded on October 6, 2026 is attached as ***Exhibit F***.

56. On April 12, 2026, FSV Estonia filed two applications with the USPTO in International Class 9: Serial No. 99759402 for the Application, and Serial No. 99759396 for the FSV composite mark. Both applications recite goods including 3D scanners and devices for digital terrain modeling. Both applications remain live and pending, and neither has been published for opposition. True and correct copies of the USPTO records for both applications are attached as ***Exhibit G***.

57. By filing those applications, Defendants represented to the USPTO that they use or intend to use the FARSIGHT VISION Mark in commerce in the United States on and in connection with the recited goods.

58. The USPTO has refused registration of the Application, in part, on the ground of likelihood of confusion with Plaintiff's Registration under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). *See* Exhibit G.

**E. Actual Confusion in the United States**

59. Plaintiff maintains a business relationship with MARSOC, a component of USSOCOM, in connection with Plaintiff's FARSIGHT software.

60. John Karol is Plaintiff's Director of Mission Success, and his responsibilities include managing relationships with current and prospective purchasers of Plaintiff's products. *See* the attached ***Declaration of John Karol*** at ¶ 2.

61. In late 2025, a MARSOC representative communicated with Mr. Karol and, in substance, asked about a change to Plaintiff's website and its layout and commented on changes to Plaintiff's user interface that the representative had seen on LinkedIn. Karol Dec, ¶ 5.

62. Plaintiff had not changed its website or its layout, had not changed its user interface, and had not published any LinkedIn content depicting any such change. The website, layout, user interface, and LinkedIn content the MARSOC representative was describing were Defendants'. Karol Dec, ¶¶ 6-7.

63. The MARSOC representative therefore believed, mistakenly, that Defendants' website, user interface, marketing content, and capabilities were Plaintiff's. That confusion occurred in the United States, involved a sophisticated United States Government customer of Plaintiff, and concerned the

source of software marketed under the FARSIGHT VISION mark.

64. On information and belief, additional instances of actual confusion have occurred and continue to occur among United States purchasers and prospective purchasers.

**F. Plaintiff's Notice and Defendants' Continued Conduct**

65. By letter dated May 20, 2026, Plaintiff, through counsel, notified FSV Estonia in writing of Plaintiff's FARSIGHT trademark rights, of the likelihood of confusion created by the FARSIGHT VISION Mark, and of documented instances of actual confusion, and demanded that FSV Estonia cease all use of the FARSIGHT VISION Mark, remove all infringing references from its promotional materials, cancel or cease using the farsightvision.com domain name, and withdraw its pending trademark applications. A true and correct copy of that letter is included in the attached as ***Exhibit H***.

66. By letter dated May 22, 2026, Plaintiff, through counsel, sent substantially the same notice and demands to FSV Ukraine. Exhibit H.

67. Defendants did not comply with any of Plaintiff's demands. Defendants continue to use the FARSIGHT VISION Mark; continue to hold and operate the farsightvision.com domain name; continue to publish FARSIGHT VISION-branded marketing to a United States audience; and continue to pursue registration of their FARSIGHT VISION Application in the United States.

**G. Defendants' Willfulness and the Exceptional Nature of This Case**

68. Defendants' infringement is willful and deliberate.

69. Defendants had actual knowledge of Plaintiff's rights no later than May 20 and May 22, 2026, when they received Plaintiff's written notices, and, on information and belief, had knowledge of

Plaintiff's FARSIGHT Mark and offerings before that.

70. Defendants nonetheless continued and expanded their use of the FARSIGHT VISION Mark in the United States after receiving that notice.

71. Defendants continue to pursue their FARSIGHT VISION Application in the United States after the USPTO refused it, in part, on the ground of likelihood of confusion with Plaintiff's FARSIGHT Registration.

72. Defendants took no step to avoid confusion despite having been told, in writing and with specifics, that actual confusion had already occurred.

73. Defendants' conduct stands out from ordinary trademark cases in the strength of Plaintiff's position and the weakness of any defense Defendants can assert: Plaintiff holds a registered mark with a 2019 priority date; the dominant element of Defendants' Application is identical to that mark; the goods are legally identical; the channels and purchasers are the same; actual confusion has been documented among a sophisticated United States Government customer; ***the USPTO has already found that a likelihood of confusion exists***; and Defendants continued regardless.

74. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**H. Harm to Plaintiff**

75. Defendants' conduct has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm, including loss of control over the reputation and goodwill associated with the FARSIGHT Mark, diversion of goodwill, damage to Plaintiff's relationships with United States customers, and the erosion of the distinctiveness of Plaintiff's mark.

76. Plaintiff has also suffered monetary harm, including lost sales and prospective sales, diverted business opportunities, and the cost of corrective efforts.

77. Plaintiff has no adequate remedy at law.

## V. Causes of Action

### COUNT I—FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

78. Plaintiff repeats and realleges the allegations of each of the above paragraphs as if fully set forth here.

79. Plaintiff owns valid and subsisting rights in and to the Registration, registered on the USPTO Principal Register.

80. Defendants have used in United States commerce, without Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of the Registration—namely, the FARSIGHT VISION Mark—in connection with the sale, offering for sale, distribution, and advertising of goods and services, as alleged in Section IV above.

81. Defendants' use of the FARSIGHT VISION Mark is likely to cause confusion, to cause mistake, and to deceive within the meaning of 15 U.S.C. § 1114(1). Plaintiff's mark is inherently distinctive and registered; the dominant element of Defendants' designation is identical to Plaintiff's mark; the goods are legally identical and actually identical in function; the parties' customers and trade channels are the same; the parties' advertising media are the same; Defendants adopted the designation with knowledge of Plaintiff's FARSIGHT Mark; and actual confusion has occurred. *See Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (setting out the seven-factor likelihood-of-confusion analysis in this Circuit).

82. Defendants' infringement is willful.

83. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116; to recover Defendants'

profits, Plaintiff's damages, and the costs of the action under 15 U.S.C. § 1117(a); to an award of up to three times actual damages under 15 U.S.C. § 1117(a); to destruction of infringing materials under 15 U.S.C. § 1118; and to Plaintiff's reasonable attorney's fees under 15 U.S.C. § 1117(a) because this is an exceptional case.

## COUNT II—FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

84. Plaintiff repeats and realleges the allegations of each of the above paragraphs as if fully set forth here.

85. Plaintiff owns common law rights in the FARSIGHT Mark arising from its continuous use of that mark in United States commerce since at least as early as April 26, 2019, which rights are senior to any rights Defendants may claim.

86. Defendants have used within United States commerce a word, term, name, symbol, and device, and a false designation of origin and false or misleading description and representation of fact—namely, the FARSIGHT VISION Mark—in connection with goods and services.

87. Defendants' use is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods, services, and commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

88. The confusion described in Section IV above and in the attached declaration of John Karol is direct evidence that Defendants' use has in fact deceived a United States purchaser as to source.

89. Defendants' conduct is willful.

90. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116; to recover Defendants'

profits, Plaintiff's damages, and the costs of the action under 15 U.S.C. § 1117(a); to an award of up to three times actual damages under 15 U.S.C. § 1117(a); to destruction of infringing materials under 15 U.S.C. § 1118; and to its reasonable attorney's fees under 15 U.S.C. § 1117(a) because this is an exceptional case.

**COUNT III—CYBERSQUATTING (15 U.S.C. § 1125(d))**

91. Plaintiff repeats and realleges the allegations of each of the above paragraphs as if fully set forth here.

92. Plaintiff's FARSIGHT Mark was distinctive at the time Defendants registered the farsightvision.com domain and at the time of each subsequent renewal of that domain.

93. The farsightvision.com domain is confusingly similar to Plaintiff's FARSIGHT Mark.

94. Defendants have registered, trafficked in, and used the farsightvision.com domain with a bad faith intent to profit from Plaintiff's FARSIGHT mark, in violation of 15 U.S.C. § 1125(d)(1)(A).

95. Defendants have no trademark or other intellectual property rights in the term FARSIGHT superior to Plaintiff's.

96. Defendants' use of the farsightvision.com domain is not a bona fide noncommercial or fair use.

97. Defendants use the farsightvision.com domain with the intent to divert consumers from Plaintiff's online location to a website offering directly competitive goods. Defendants do so for commercial gain and in a manner likely to harm the goodwill represented by Plaintiff's FARSIGHT Mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of that website.

98. Defendants have maintained and continued to use the farsightvision.com domain after receiving Plaintiff's written demand that they cancel or cease using it and after being informed of actual confusion.

99. Plaintiff is entitled to an order directing the forfeiture, cancellation, or transfer of the farsightvision.com domain to Plaintiff under 15 U.S.C. § 1125(d)(1)(C).

100. Plaintiff's is further entitled, at its election, to recovery of statutory damages up to $100,000 under 15 U.S.C. § 1117(d), in lieu of actual damages and profits.

**COUNT IV—ORDER DIRECTING REFUSAL OF REGISTRATION (15 U.S.C. § 1119)**

101. Plaintiff repeats and realleges the allegations of each of the above paragraphs as if fully set forth here.

102. This is an action involving a registered mark within the meaning of 15 U.S.C. § 1119. In such an action, this Court may determine the right to registration and otherwise rectify the register with respect to the registrations and applications of the parties to the action.

103. An actual, justiciable controversy exists between Plaintiff and FSV Estonia concerning FSV Estonia's right to register the FARSIGHT VISION Mark with the USPTO. That controversy is definite and concrete, touches the legal relations of parties having adverse legal interests, and is of sufficient immediacy and reality to warrant declaratory relief.

104. FSV Estonia is not entitled to register the FARSIGHT VISION Mark because that mark so resembles Plaintiff's previously used and registered FARSIGHT Mark as to be likely, when used on or in connection with FSV Estonia's goods, to cause confusion, to cause mistake, and to deceive, within the meaning of 15 U.S.C. § 1052(d).

105. Plaintiff seeks a declaration that it holds rights in the FARSIGHT Mark senior to any rights

claimed by Defendants in the FARSIGHT VISION Application, and an order under 15 U.S.C. § 1119 directing the Director of the USPTO to refuse registration of the Application.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, and award the following relief:

A. a permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from:

i. using FARSIGHT VISION, FARSIGHTVISION, FARSIGHT, or any other designation containing the word FARSIGHT (including any variation in spacing, capitalization, or spelling), or any term confusingly similar to Plaintiff's FARSIGHT Mark, whether as a trademark, service mark, trade name, domain name, social media identifier, or otherwise, in United States commerce in connection with (a) software, hardware, or services for the collection, processing, fusion, mapping, modeling, analysis, or dissemination of imagery, video, sensor, geospatial, or other data; (b) artificial-intelligence, autonomy, intelligence, or decision-support products or services; (c) any goods or services offered, marketed, or sold to military, defense, government, or public-safety customers or end users; or (d) any other goods or services related to those offered by Plaintiff under Plaintiff's FARSIGHT Mark, or in any other manner likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendants' goods or services;

ii. exhibiting, advertising, promoting, demonstrating, or offering any product or service under any such designation at any trade show, conference, or exhibition held in the

United States;

iii. publishing any advertising or promotional content bearing any such designation directed to persons in the United States or businesses domiciled in the United States; and

iv. representing that Defendants or their goods or services are affiliated with, sponsored by, endorsed by, or otherwise connected to Plaintiff;

B. an order requiring Defendants to file with this Court and serve on Plaintiff, within thirty days after entry of the injunction, a written report under oath setting forth in detail the manner and form in which they have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

C. an order under 15 U.S.C. § 1118 requiring the destruction of all labels, signs, prints, packages, banners, exhibition materials, marketing collateral, advertisements, and other materials and documents in Defendants' possession or control bearing the term FARSIGHT;

D. an order under 15 U.S.C. § 1125(d)(1)(C) directing the forfeiture and transfer to Plaintiff of the farsightvision.com domain, and directing the registrar to effectuate said transfer;

E. an order under 15 U.S.C. § 1119 directing the Director of the USPTO to refuse registration of the Application;

F. an award of Plaintiff's actual damages and of Defendants' profits attributable to their infringing use, pursuant to 15 U.S.C. § 1117(a);

G. an award of three times Plaintiff's actual damages, and such sum above the amount found as actual damages as the Court finds just, pursuant to 15 U.S.C. § 1117(a);

H. in the alternative as to Count III, and at Plaintiff's election, statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(d);

I. a finding that this is an exceptional case and an award to Plaintiff of all of its reasonable

attorney's fees pursuant to 15 U.S.C. § 1117(a);

J. an award of the costs of this action, together with prejudgment and post-judgment interest at the maximum rate allowed by law; and

K. such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: October 15, 2026

Respectfully submitted,

**SCALE LLP**

By: *<u>/s/ Charles Wallace</u>*
Charles A. Wallace (*pro hac vice* pending)
Texas Bar No. 24110501
505 Montgomery St., 10th Floor
San Francisco, California 94111
Tel. 415.735.5933
Fax 415.573.0983
cwallace@scalefirm.com

**ATTORNEY FOR PLAINTIFF**
**REVEAL TECHNOLOGY, INC.**